Noyes L. Hall et al. *v.* Planning and Zoning
Board of the City of Milford

King, C. J., Murphy, Alcorn, Shannon and House, Js.

Argued March 1—decided April 26, 1966

*Stephen E. Ronai,* with whom were *Martin L. McKeever* and, on the brief, *William G. Gitlitz,* for the appellants (plaintiffs).

*Louis A. Hurwitz,* with whom, on the brief, was *Alvin G. Rottman,* for the appellee (defendant).

Shannon, J. This is an appeal from the action of the defendant, the planning and zoning board of the city of Milford, hereinafter referred to as the board, in denying the application of the plaintiffs for a change of zone from R-10, a residence zone, to

R-AMF, a residence zone allowing apartment houses. The plaintiffs' property, which consists of one and one-third acres of land, is at the northwest corner of Chapel Street and Kings Highway. It is bounded by properties in an R-10 zone except for seventy feet in the northeast corner which adjoins property in a business B-2 zone. It is in a medium density area on the plan of development. An R-AMF zone requires a high density area.

There was a public hearing on November 19, 1963, attended by all ten members of the board. There was no opposition at the public hearing. Nine of the ten members of the board attended the executive session on December 3, 1963, although one member, who had arrived late at the public hearing, abstained from voting on the plaintiffs' application. There was discussion that, since the plan of development designated this area as medium density, it would be necessary to change the plan to designate the area as high density in order to change the zone from R-10 to R-AMF. It was also pointed out that to change the plan another public hearing was required. A motion to grant the plaintiffs' application was lost on a tie vote of four in favor, four against and one abstention. An effort at the next meeting of the board to obtain reconsideration and approval of the petition failed. On appeal, the Court of Common Pleas rendered judgment sustaining the action of the board. The plaintiffs have appealed from that judgment.

Under the zoning regulations in effect when the plaintiffs applied for a change of zone, the minimum lot size for an R-AMF zone was four acres of contiguous land except that a minimum of one acre was permitted when the property adjoined at least three acres of land which was owned by others and

which was zoned R-AMF, when it adjoined a business B-2 zone, or when it adjoined public lands of three or more acres. Milford Zoning Regs., c. 4, § 2 (A) (5) (1961).

The plaintiffs have assigned error in the failure of the board to give any reason for denying the change of zone. As reasons are required to be stated only when a change of zone is made, there was no occasion for the board to give a reason. General Statutes § 8-3. Actually the motion to grant the application failed of passage upon the tie vote. In such a case, consequently, the board, as a body, could give no reason for its failure to act although the result amounted to a rejection of the application with no change of zone.

Since the legality and reasonableness of the result is attacked, however, we examine the record before the board to determine whether it would support the board's failure to approve the plaintiffs' application.

That record discloses that (1) the requested zone change was not in conformity with the comprehensive plan of development, (2) the plaintiffs had not proved that, since the adoption of the zoning regulations, any new conditions had arisen, or any changes which substantially altered the character of the area had occurred, and (3) the plaintiffs had not proved that the change sought would further the public welfare. Any one of these reasons would support the failure of the board to grant the change of zone requested. *Zygmont* v. *Planning & Zoning Commission,* 152 Conn. 550, 553, 210 A.2d 172, and cases cited.

The plaintiffs assign error and claim that they were denied due process of law in violation of the fourteenth amendment to the United States Con-

stitution and of article first, § 12, of the Connecticut constitution (now article first, § 10, of the 1965 Connecticut constitution) because the record discloses no discussion by the board of the merits of the application for the zone change and no indication of the reasons for the board's action and because they were denied reconsideration. A review of the record of the public hearing and of the two executive meetings at which the plaintiffs' application was considered disposes of that claim adversely to the plaintiffs. We have already sufficiently discussed the question of the reasons for the board's action. No one has a constitutional right to a reconsideration as such.

The courts do not and should not substitute their judgment for that of the local authority. *Zygmont* v. *Planning & Zoning Commission,* supra, 555; *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 267, 196 A.2d 758; *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886; *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160.

The plaintiffs had the burden of proving that the action of the board was illegal, arbitrary or in abuse of its discretion. This they failed to do. There is no need to discuss any other assignments of error.

There is no error.

In this opinion the other judges concurred.