Merrimack
No. 7211

RAYMOND ALLARD

v.

IRENE THALHEIMER,
DUNBARTON TOWN CLERK

May 29, 1976

*Emile R. Bussiere,* by brief and orally, for the plaintiff.

*Hall, Morse, Gallagher & Anderson (Mr. Charles T. Gallagher* orally) for the defendant.

KENSION, C.J.   The plaintiff submitted a plat to the Dunbarton Planning Board for the subdivision of a certain parcel. The defendant is the town clerk of Dunbarton. The plaintiff seeks a writ

of mandamus to compel the defendant to issue a certificate of approval of the plat on the ground that the Dunbarton Planning Board did not act on the plat within ninety days of its submission, as required by RSA 36:23 (Laws 1969, 155:1). After trial the Master *(William E. Lovejoy,* Esq.) reported that the planning board had disapproved the plat within the period allowed by the statute. The Superior Court *(Keller,* C.J.) approved the master's report, denied the petition for writ of mandamus, and reserved and transferred the plaintiff's exceptions. The plaintiff entered his exceptions in this court (RSA 490:10) in May 1975 and filed his brief in March 1976.

RSA 36:23 (Laws 1969, 155:1) provides: "The planning board shall place on its agenda for consideration any plat submitted to it within thirty days and shall act to approve or disapprove thereof within ninety days; ... otherwise such plat shall be deemed to have been approved, and the certificate of the municipality ... shall be issued on demand and shall be sufficient in lieu of the written indorsement or other evidence of approval herein required.... In case of disapproval of any plat submitted, the ground for such disapproval shall be adequately stated upon the records of the planning board." *See generally* 3 A. Rathkopf, Law of Zoning and Planning, ch. 71, § 10 (3d ed. 1972); 3 R. Anderson, American Law of Zoning § 19.16 (1968).

The plaintiff submitted a plat at the planning board meeting of December 20, 1972. This plat did not meet the requirement of Section VII (2) of the Dunbarton Land Subdivision Control Regulations that lot sizes be shown in square feet. The board refused to accept the plat, and the plaintiff took it away to have the required information added. In these circumstances the master properly rejected the plaintiff's claim that he submitted the plat on December 20, 1972. *Schonberg v. City of Fargo Planning Comm'n,* 110 N.W.2d 830 (N.D. 1961); *Treat v. Town Plan and Zoning Comm'n,* 145 Conn. 406, 143 A.2d 448 (1958).

The plaintiff submitted a plat with the required information on March 30, 1973. This plat included a lot (Lot 14) which the plaintiff had conveyed in January 1972 which was smaller than the minimum size allowed by the Dunbarton zoning ordinance. RSA 36:21 (Laws 1969, 258:1); Dunbarton Land Subdivision Controls Regulations Section V A. This undersized lot had been a matter of contention between the plaintiff and the planning board since November 1972, if not earlier. *See Isabelle v. Newbury,* 114 N.H. 399, 321 A.2d 570 (1974).

The planning board wrote to the plaintiff on May 8th that it would approve the plat as to six lots if Lot 14 were increased to the minimum size. The letter stated that eight other lots were still under consideration. On May 24th the board wrote to the plaintiff demanding an "affirmative response" to the problem of the undersized lot "[t]o avoid imposition of penalties required under the Zoning Ordinance." On June 7th the plaintiff wrote the board requesting action on the group of eight lots. On June 22nd the board replied, "However we will take no further action on [the eight lots] until Lot #14 is resolved." This letter resolved the question left open by the letter of May 8th, whether the board would approve the plat with respect to the eight lots in the absence of a change in Lot 14. The board's decision was manifest: It would not approve the plat or any portion of it so long as Lot 14 failed to meet the minimum area requirement.

On this evidence the master properly found that the planning board had disapproved the plat, that it had stated its reasons and recorded its decision, and that it had notified the plaintiff. The board's willingness to approve the proposed subdivision if Lot 14 were enlarged is consistent with its decision to reject the plat as submitted. This is not a case where there has been a continuing dialogue of a series of objections and amendments to the plat. *Gosselin v. Nashua,* 114 N.H. 447, 321 A.2d 593 (1974); *Matter of Poll Enterprises v. Smith,* 21 N.Y.2d 752, 235 N.E.2d 217 (1968); *DePaul Realty Co. v. Borough of Quakertown,* 15 Pa. Cmwlth. 16, 324 A.2d 832 (1974). Matters would have been clearer if the board had disapproved the plat in so many words. Nevertheless the board's decision at its June 20th meeting, which was incorporated in its June 22nd letter, constituted disapproval within the terms of the statute and was rendered within the period allowed by law. *Metropolitan Homes, Inc. v. Town Plan & Zoning Comm'n,* 152 Conn. 7, 14, 202 A.2d 241, 244 (1964); *City of Manhattan v. Ridgeview Building Co.,* 215 Kan. 606, 527 P.2d 1009 (1974); Annot., 11 A.L.R.2d 524 (1950).

*Plaintiff's exceptions overruled.*

All concurred.