This is an action in the nature of mandamus brought on behalf of the plaintiffs against the named defendant secretary of the planning commission of the town of Southbury and its chairman. The plaintiffs seek the issuance of a certificate of approval of a site plan for a shopping plaza under the zoning regulations following their successful appeal from a previous disapproval by the commission.
The unchallenged finding of the court discloses that the planning commission of the town of Southbury had denied a previous application of the plaintiffs on June 17, 1972. On September 13, 1972, another application for a site approval was submitted by the plaintiffs, but they were requested by a letter of the commission, dated September 23, 1972, to supply a transmittal letter and a statement of use, as required by the zoning regulations. On September 26, 1972, the plaintiffs complied with that request and the commission received the documents on September 27, 1972. On October 17, 1972, one of the plaintiffs, members of the commission, and other town officials met and discussed drainage and parking problems. On October 20, 1972, that plaintiff and his architect met with the town engineer and the defendant secretary of the commission. *Page 688 
A copy of a working drawing relative to drainage and parking was requested by the town engineer and was given to him. The plaintiffs did not intend the drawing to be a resubmission of their application and did not authorize the defendant secretary to submit it to the commission. The commission placed discussion of the application on its agenda under old business for the meeting of October 25, 1972, although it did not notify the plaintiffs of the meeting and the plaintiffs did not attend the meeting. At the meeting of October 25, 1972, the commission voted to consider the working drawing as a resubmission and notified the plaintiffs of that action by letter dated November 2, 1972. On November 10, 1972, the plaintiffs informed the commission that they did not consider the working drawing to constitute a resubmission. On December 6, 1972, the commission adopted a resolution that disapproved "the submission made September 13, 1972 and resubmitted October 25, 1972." By letter dated December 7, 1972, the commission notified the plaintiffs of the disapproval. By letters dated December 7 and 8, 1972, the plaintiffs made demand for the issuance of a certificate of site approval. The plaintiffs also appealed the decision of the commission. Their appeal was sustained because of the failure of the commission to publish notice of its decision of December 6, 1972, as required by statute. In its decision, the court (Collins, J.) expressly and unequivocally refrained from deciding on the merits any of the issues that the plaintiffs advanced. The commission did not appeal the decision of the court.
In the present case, the court concluded that the plaintiffs submitted a completed application to the commission on September 27, 1972, that the commission failed to act on the completed application on or before November 11, 1972, or within *Page 689 
the forty-five days required by 6.3[1] of the Southbury zoning regulations, and that the plaintiffs made demand for a certificate of approval on December 7 and 8, within the thirty-day requirement of 6.3.
The defendants have assigned as error the court's failure to find that the completed application was submitted on September 13, 1972, and its finding that the application was submitted on September 27, 1972. The defendants did not move to correct the finding as required by 567G of the Practice Book. The subordinate facts which the court found support its conclusion that the application was submitted on September 27, 1972, when the required statement of use, which completed the application, was filed. The finding of the court negated the contention of the commission that the plaintiffs submitted the application on October 25, 1972. The defendants have not assigned as error the failure of the court to find that the plaintiffs submitted the application on October 25, 1972. Since the finding of the court that the application was submitted on September 27, 1972, cannot be disturbed, the assignment of error which claims that the demand was not made within thirty days after the expiration of the period for action must also fail. The forty-five-day period expired on November 11, 1972, and the *Page 690 
plaintiffs had the right to make written demand for a certificate of approval on or before December 11, 1972.
The defendants also contend that the plaintiffs had a sufficient remedy other than mandamus. Section 6.3 of the zoning regulations provides that "[f]ailure of the Planning Commission to act within 45 days after receipt of a completed application shall be considered as an approval, and a certificate to that effect shall be issued by the Commission upon written demand by the applicant received within 30 days after the expiration of the 45 day period for action." "`If a public official or public agency has a duty to perform a particular act and fails in the discharge of that duty, a writ of mandamus is the proper remedy for compelling performance of the act. Where the official or agency is authorized to exercise a discretionary power, mandamus does not lie. Hannifan v. Sachs, 150 Conn. 162, 167. . . . Relief by way of mandamus, therefore, is only available to one who has a complete and immediate right that the public act be done. Ballas v. Woodin,155 Conn. 283, 284. . . .' Waterbury Teachers Assn. v. Furlong, 162 Conn. 390, 414. . . ." Lechner v. Holmberg, 165 Conn. 152, 157. "Where a public officer proposes to proceed in plain disregard of the rules of law established for his governance, capriciously or arbitrarily, and not in the honest exercise of discretion or judgment, his conduct is tantamount to a refusal to act at all and mandamus lies, not only to compel him to act, but to direct that action along the prescribed way." State v. Erickson, 104 Conn. 542,545-46.
In the present case, 6.3 of the zoning regulations mandates that the commission issue a certificate upon a written demand received within thirty days after expiration of a forty-five-day period for action. "Any other relief, the existence of which *Page 691 
will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, it must be adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved." State ex rel. Foote v. Bartholomew,103 Conn. 607, 618-19. The subject action is an appropriate one for the application of that principle. Mandamus appears to be the only relief that will give the plaintiffs the specific remedy desired and that will be effective, convenient, complete and direct.
The last assignment of error alleges that the court's decision in the plaintiffs' appeal from the commission's decision rendered on December 6, 1972, is res judicata and requires an implied finding that a resubmission occurred on October 25, 1972. There is no merit to that contention. "A judgment on one cause of action is not conclusive in a subsequent action on a different cause of action as to questions of fact not actually litigated and determined in the first action." Restatement, Judgments 68; Corey v. Avco-Lycoming Division, 163 Conn. 309, 317; Brockett v. Jensen,154 Conn. 328, 337. In the appeal from the December 6, 1972, decision, the court (Collins, J.), not only decided the case on a failure to comply with the statutory requirements but also expressly and unequivocally stated that it would not decide the case on the merits. While reference in that decision was made to the date October 25, 1972, it is obvious that no determination was made as to the accuracy of that date and that that issue was not actually litigated. Accordingly, that decision cannot be considered as res judicata on the issue of whether a resubmission occurred on October 25, 1972.
 there is no error.
In this opinion A. ARMENTANO and D. SHEA, Js., concurred.