MILDRED MERLO *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WETHERSFIELD (2403)

TESTO, HULL and BORDEN, Js.

Argued February 1—decision released May 1, 1984

*Paul J. Aparo,* with whom, on the brief, was *Harold F. Keith,* for the appellant (plaintiff).

*Vincent F. Sabatini,* for the appellee (defendant).

HULL, J. This case raises the narrow issue of whether the defendant planning and zoning commission's failure to approve a subdivision plan with certain stipulations it had proposed constituted a disapproval of the plan under General Statutes § 8-26[1] so as to avoid an automatic approval as a result of the passing of the sixty-five day deadline for a decision pursuant to General Statutes § 8-26d.[2]

The plaintiff, claiming such statutory approval of its subdivision application, sought mandamus to compel the issuance of the permit. The trial court denied the request for a writ of mandamus and the plaintiff appealed.[3]

The relevant facts are not in dispute. On November 15, 1977, the plaintiff, Mildred Merlo, applied to the defendant planning and zoning commission of the town of Wethersfield for approval of a forty-two lot subdivision on land owned by her. On January 3, 1978, the defendant held a public hearing on the plaintiff's application. On March 7, 1978, and May 2, 1978, the defendant granted the plaintiff's request for two successive sixty-five day extensions of the statutory deadline for a decision by the commission. At a meeting on June 22, 1978, the subject of final approval of the plaintiff's application was brought up for action. Commissioner

---

[1] General Statutes § 8-26 provides in pertinent part: "The Commission shall approve, modify and approve, or disapprove any subdivision . . . within the period of time permitted under section 8-26d. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand."

[2] General Statutes § 8-26d provides that where a hearing is held by a planning commission on a subdivision application "[a]ll decisions on such matters shall be rendered within sixty-five days after completion of such hearing."

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

Larkin moved for approval of the application with certain stipulations which he proposed. There was a lengthy discussion of various aspects of the proposed subdivision.

The vote on the motion to approve the subdivision plan as amended was four "ayes" and five "nayes." The minutes of the meeting state: "Therefore, the motion, with stipulations, was DISAPPROVED." There was no further action taken on the application. The clerk for the commission published a legal notice on June 28, 1978, concerning the action taken on the plaintiff's application with the statement "motion to approve FAILED TO CARRY. Therefore this application was DENIED." The last day allowed by statute for a decision was July 18, 1978. On August 8, 1978, the plaintiff demanded that the commission issue a certificate of subdivision approval because of the commission's failure to "approve, modify and approve, or disapprove the application" as required by General Statutes § 8-26. The defendant refused to issue a certificate of approval claiming that it had voted to disapprove the application on June 22, 1978.

The trial court held that the defeat of the motion to approve the application constituted a denial of the application. The court, in its holding, referred to the cases of *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 219 A.2d 445 (1966), and *Allard* v. *Thalheimer,* 116 N.H. 299, 358 A.2d 395 (1976). The court noted that the plaintiff had appealed the commissioner's action to the Superior Court.[4] It did not determine whether complete relief could be obtained in that proceeding because it concluded that the plaintiff was not entitled to a writ of mandamus on the facts of the case.

---

[4] The parties agreed at oral argument that the appeal has been held in abeyance pending the outcome of this case.

The plaintiff briefed two main issues: (1) that the court erred in finding a valid disapproval of the plaintiff's application since the action was not one of the three actions specifically authorized under General Statutes § 8-26; and (2) that the court erred in denying the plaintiff the remedy of mandamus.[5]

The commission's failure to approve the application with stipulations is not one of the three dispositions authorized in § 8-26. The commission's action obviously did not "approve" or "modify and approve," and the defendant just as clearly did not "disapprove" the subdivision application.

In *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 591, 409 A.2d 1029 (1979), the commission approved the defendants' subdivision application " 'subject to posting a bond and approval of the highway superintendent.' " In upholding the trial court's finding of inferred approval,[6] the Supreme Court held that "where a commission makes the approval of a plan of subdivision subject to a condition, the fulfillment of which is within the control of neither the commission nor the applicant . . . the commission has 'failed to act' within the intendment of General Statutes §§ 8-26 and 8-28,[7] unless the coordinate agency approval appears to be a reasonable probability." (Footnote added.) Id., 592–93. Since the Supreme Court found

---

[5] The plaintiff also claimed error in the court's finding disapproval of the application because, according to Robert's Rules of Order, which is applicable to the commission, the commission took no action on the plaintiff's application at the June 22, 1978 meeting. In view of our disposition of this case, we do not consider this issue.

[6] Although *Carpenter* v. *Planning & Zoning Commission*, 176 Conn. 581, 596–98, 409 A.2d 1029 (1979), spoke of "inferred approval," we will adopt throughout the more readily understandable term used in *Vartuli* v. *Sotire*, 192 Conn. 353, 362, 472 A.2d 336 (1984), which refers to such approval as "automatic approval."

[7] General Statutes § 8-28 concerns notices of appeal and appeals from decisions of a planning commission.

no indication of such a reasonable probability, it concluded that the commission did not properly "approve, modify and approve, or disapprove" the subdivision application so that inferred approval took place under § 8-26. Id., 593. In discussing the provision of § 8-26 which states that notice of a decision "shall be a simple statement that such application was approved, modified and approved or disapproved," the court noted: "The wording of this sentence is particularly important and reinforces the obvious legislative intention that the only 'decision' of the commission which the statute contemplated was 'approval, modification and approval, or disapproval.' " Id., 595. In requiring strict adherence to the statutory scheme, the court stated that "[t]he legislative purpose behind General Statutes §§ 8-26 and 8-28, to secure, in the public interest, by means of rather brief appeal time periods, a speedy determination of the issues involved . . . will best be facilitated if subdivision applicants know with certainty that a definite course of statutory action has been taken by a commission, setting in motion clear avenues of appeal." Id., 596–97.

In *Finn* v. *Planning & Zoning Commission*, 156 Conn. 540, 244 A.2d 391 (1968), the Supreme Court first made it explicitly clear that only the three types of decisions listed in § 8-26 are proper. In commenting on the automatic approval mechanism of that section, the court stated: "The obvious intention of the legislature in using this language was to ensure prompt and expeditious action on subdivision applications for the protection of the subdivider. *The language of the statute is mandatory.*" (Emphasis added.) Id., 544.

We do not consider that the cases of *Hall* v. *Planning & Zoning Board,* 153 Conn. 574, 219 A.2d 445 (1966), and *Lupinacci* v. *Planning & Zoning Commission,* 153 Conn. 694, 220 A.2d 274 (1966), require a different result. In *Hall,* four members of a ten mem-

ber commission had voted to approve a change of zone and four had voted against approval. The court stated that "the motion to grant the application failed of passage upon the tie vote."[8] Id., 576. In *Lupinacci,* the plaintiff filed separate applications with the planning and zoning commission seeking an amendment of the plan of development and a change of zone of their property. By stipulation, four members of a six member commission heard the matter. The four members split their vote evenly, two in favor of granting the change in zone and two opposed. The court, citing *Hall,* once again stated that, "[t]his failure to grant the applications amounted to a denial of them."[9] *Lupinacci* v. *Planning & Zoning Commission,* supra, 696.

These cases fall short of interpreting the action of the commission in this case as a disapproval under the statute. They simply stand for the proposition that if a majority of votes is necessary for approval of a change of zone, the failure to secure such a majority means the application was denied. This is a far cry from the specific statutory mandate of § 8-26 which the Supreme Court strictly construed in *Carpenter,* and in *Finn* in the light of a clear legislative intent.

Nor do we find the reasoning of *Allard* v. *Thalheimer,* 116 N.H. 299, 358 A.2d 395 (1976), persuasive. In that case, the plaintiff sought mandamus to compel the issuance of an approval of a subdivision plat under an automatic approval provision similar to the failure to act provision in the Connecticut statute. The Supreme Court of New Hampshire held that the planning board's letter, which stated that it would take no further action

---

[8] The court did not point out that a majority of the entire commission, that is six members approving the change of zone, was necessary for approval. General Statutes § 8-3 (b).

[9] Once again the court did not advert to the necessity of a majority of six members voting favorably before the change of zone could be granted under General Statutes § 8-3 (b).

on eight lots included in the subdivision plat unless a dispute as to the minimum size of one lot was resolved, constituted a disapproval within the meaning of a statute requiring the planning board to approve or disapprove any subdivision plat within ninety days of its submission. The court vitiated the effect of its ruling when it stated succinctly: "Matters would have been clearer if the board had disapproved the plat in so many words." Id., 301. Making matters "clearer" is exactly the purpose of General Statutes § 8-26 and the cases requiring strict compliance with it.

We conclude that the trial court was in error in finding that the defendant commission's action in this case constituted disapproval under the statute.

The case of *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 518, 356 A.2d 109 (1975), sets forth the criteria for the issuance of a writ of mandamus as follows: " 'The essential conditions without which the writ will not be issued to enforce the performance of a ministerial duty are: (1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy.' " See *Vartuli* v. *Sotire,* 192 Conn. 353, 366, 472 A.2d 336 (1984). This court has already determined that the defendant was under such a duty to issue the certificate of approval. The plaintiff has a clear legal right to the remedy. Finally, there is no other sufficient remedy. "An adequate remedy is one that 'enforces in some way the performance of the particular duty, and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance.' " Id. The plaintiff's appeal from the action of

the defendant commission cannot result in the expeditious, effective relief to which she is entitled.

In a similar automatic approval case, *State ex rel. Brooks* v. *Hitchcock,* 33 Conn. Sup. 686, 690–91, 367 A.2d 692 (1976), the court stated: " 'Any other relief, the existence of which will preclude the resort to the remedy by mandamus, must not only be adequate, but it must be specific, that is, it must be adapted to secure the desired result effectively, conveniently, completely and directly upon the very subject-matter involved.' . . . The subject action is an appropriate one for the application of that principle. Mandamus appears to be the only relief that will give the plaintiffs the specific remedy desired and that will be effective, convenient, complete and direct." (Citation omitted.)

Mandamus was approved by the Supreme Court as the appropriate remedy in an action alleging automatic approval in *M & L Homes, Inc.* v. *Zoning & Planning Commission,* 187 Conn. 232, 445 A.2d 591 (1982); *Gervasi* v. *Town Plan & Zoning Commission,* 184 Conn. 450, 440 A.2d 163 (1981) and *Viking Construction Co.* v. *Planning Commission,* 181 Conn. 243, 435 A.2d 29 (1980).

There is error, the judgment is set aside and the case is remanded with direction to render judgment ordering the defendant planning and zoning commission of the town of Wethersfield to issue a certificate of approval of the plaintiff's subdivision and to endorse the approval on the subdivision map as required by law.

In this opinion the other judges concurred.