[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiffs Dollard J. Cote and Phyllis J. Cote from the action of the defendant Zoning Board of Appeals of the Town of Old Lyme in denying the plaintiffs' application for a variance.
For reasons hereinafter stated, the decision of the Board is affirmed.
Plaintiffs have appealed under the provisions of General Statutes § 8-8 (b) which provides that: "Any person aggrieved by any decision of a board may take an appeal to the superior court. . . ."
To establish the aggrievement required by statute, so as to be entitled to appeal, a zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192 (1996). Here, the plaintiffs have properly alleged aggrievement. The evidence has established that plaintiffs are the owners for the property which was the subject of the variance request, were the parties who applied for the variance and they continue to hold title to the property. It then must be concluded that plaintiffs are aggrieved and have standing to prosecute this appeal. Connecticut CT Page 14700 General Statutes § 8-8 (a)(1), Rogers v. Zoning Board of Appeals,154 Conn. 484, 488 (1967).
No questions have been raised concerning any jurisdictional issues. All notices appear to have been published properly and no jurisdictional defects have been noted.
The record indicates that the plaintiffs acquired the property in question by fiduciary deed on July 27, 1984. The property has frontage on Boston Post Road. The tax assessor's records indicate that a residential structure, the major portion of which was constructed in 1934, existed on the land at the time plaintiffs acquired it. In 1988, an office and warehouse was erected on the property. On June 28, 1990, a 0.78 acre lot which contained a residential structure was conveyed by plaintiffs to themselves as trustees. The effect of this conveyance was to divide the original parcel into two lots.
The original parcel was divided by a zone line with the northerly portion fronting on Boston Post Road being in a C-30 zone and the southerly section being in an R-20 zone.[1] Both the residential structure and the commercial building are in the C-30 zone and appear to be in compliance with the applicable regulations. In the year 2000, plaintiffs applied to the Old Lyme Planning and Zoning Commission for authority to subdivide the original parcel acquired in 1984 into three lots. The subdivision map shows Lot No. 1 as the residential 0.7 acres. Lot No. 2 contains the commercial building. Lot No. 3 contains 1.89 acres together with an access strip to Boston Post Road. All three proposed lots meet the area requirements under the regulations.
The topography of Lot No. 3, however, is such that it cannot comply with the requirements of § 7.2.4.iii of the zoning regulations because its grade slope exceeds 20 percent.
 "Section 7.2.4 of the zoning regulations provides, in pertinent part, as follows: 7.2.4 Minimum Area of Buildable Land: In order to reduce the threat of pollution to the surface and ground waters of the Town, and residents, no new lot as defined in Section 9 of these Regulations . . . shall be created after June 15, 1990, unless such lot contains a Minimum Area of Buildable Land as defined in Par. 7.2.4.a of this section. . . ."[2]
Section 7.2.4a defines "Minimum Area of Buildable Land" as a parcel of land which contains at least 30,000 square feet of contiguous land and meets certain other requirements. Among such other requirements is the CT Page 14701 following:
 "iii. no more than 15% of such parcel shall be comprised of topography exceeding a 20% slope in grade as measured in 40-foot increments throughout the parcel;"
Because of the slope of the proposed Lot 3, § 7.2.4(a)iii could not be complied with. For this reason, the Planning and Zoning Commission could not approve plaintiffs' subdivision application. Subsequently, plaintiffs applied to the Board for a variance from the strict application of § 7.2.4(a)iii. In their application, plaintiffs stated that the strict application of the zoning regulations would produce an unusual hardship or exceptional difficulty because "applicant seeks subdivision approval to split a 3.32 acre parcel into two lots. This parcel is bisected by a zone line. Front lot is in a C-30 zone. Rear lot is R-20. Without variance this portion of property is unusable, ie. it cannot be used for residential purposes or commercial purposes." Plaintiffs also stated that this hardship would be unique in that "there is no other property which has this unique circumstance of being bisected by a zone line and having a rear residential building lot with unique topographical condition."
The application for a variance was scheduled for a public hearing by the Board to be held November 16, 2000. Appropriate notices and publications were properly made. At the public hearing, plaintiffs and interested parties were heard. At the conclusion of the public hearing, it was voted by the Board to deny the application for a variance "on the basis of lack of a valid hardship shown in that the property has a gainful and reasonable use and, therefore, the applicants claim that the inability to divide the property denies them of the use is not appropriate." Notice of the decision was properly published and, within the time allowed by statute, this appeal was filed.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal. Hall v. Planning Zoning Board 153 Conn. 574, 577 (1966). The court may only determine whether the Board acted arbitrarily or in abuse of its discretion.Raybestos-Manhattan, Inc. v. Planning Zoning Board, 186 Conn. 466, 470
(1982). The decision of defendant Board may be reserved only if it is found that the Board's action was illegal, arbitrary or in abuse of discretion. Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
Where, as here, the Board has stated the reasons for its actions on the CT Page 14702 record the court is limited to determining whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Board is required to apply under the zoning regulations. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544
(1991). The action of the Board must be sustained if the stated reasons are sufficient to support it. Goldberg v. Zoning Commission, 173 Conn. 23,26 (1977).
The plaintiff has the burden of proving that defendant Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988).
Plaintiffs have appealed the action of the Board in denying the application for a variance. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For this reason, the granting of a variance is generally reversed for unusual or exceptional circumstances. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206 (1995).
The Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3) and § 52.1.3 of the Old Lyme Zoning Regulations.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin,234 Conn. 498, 505-506 (1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v.Zoning Board of Appeals, 156 Conn. 426, 430 (1968). CT Page 14703
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39 (1982). The Board is under no duty to extricate an applicant from a self-created hardship. Pollard v. Zoning Board ofAppeals, supra, 44. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965).
The Board denied the variance on the grounds that no hardship had been proven. Plaintiffs claim that there is substantial evidence of hardship in the record and that the Board's decision was arbitrary.
Proof of hardship is a condition precedent to the granting of a variance. Point o'Woods Assn., Inc. v. Zoning Board of Appeals,178 Conn. 364, 365 (1979). The hardship must "arise from circumstances or conditions beyond the control of the property owner." Aitken v. ZoningBoard of Appeals, 18 Conn. App. 195, 205 (1989).
Plaintiffs claim that the property and the lot involved are unique and that there is substantial evidence of legal hardship in the record. It is further argued that the Board acted in an arbitrary and capricious in denying the appeal for a variance. The unique factor which plaintiffs attribute to the land is the fact that it is bisected by a zone line and has unique topographic conditions.
An examination of the record, however, indicates that the property is not totally unique. It may reasonably be inferred from the document entitled "Sketch Plan Area Septic Systems and Wells Adjacent to Cody Property." (Items C1 of the return.) That other properties in the area are also divided into separate zones. Also, the slope of the property cannot be considered a unique factor. This is the very condition which the regulations seek to address.
The difficulty with plaintiff's argument, which appears to have been perceived by the Board, is that the application applies not to an established lot but to a proposed lot. The problem which plaintiffs have presented does not arise out of the regulations but out of the maimer in which plaintiffs have elected to divide the tract of land acquired on July 27, 1984. Where the claimed hardship arises from the applicant's voluntary act, a zoning board lacks the power to grant a variance. Kaeserv. Zoning Board of Appeals, 218 Conn. 438, 445 (1991).
Plaintiffs also contend that denial of the variance constitutes such a severe deprivation of the reasonable use of their property that it CT Page 14704 results in an unconstitutional confiscation. Where the effect of applying the zoning regulations to a property is so severe as to amount to practical confiscation, that is sufficient hardship to allow and even require the zoning board of appeals to grant a variance. Archambault v.Wadlow, 25 Conn. App. 375 (1991). An ordinance which permanently restricts the use of property for any reasonable purpose goes beyond permissible regulation and amounts to a taking. Brecciaroli v.Commissioner of Environmental Protection, 168 Conn. 349, 355 (1975). A zoning ordinance which permanently restricts the use of property to such an extent that it cannot be used for any reasonable purpose is an unconstitutional taking of the property. R. Fuller, 9 Conn. Practice Series, Land Use Law and Practice, 9A.
This argument is again based on the theory that Lot Number 3 of the proposed subdivision is an actual separate lot. Plaintiffs have voluntarily elected to subdivide their property in such a manner that it cannot comply with the subdivision regulations.
The record indicates that there is a shed on the proposed Lot Number 3 and that the plalntiffs are making use of this section of their land. The conclusion of the Board that plaintiffs have gainful and reasonable use of their property is supported by the record.
After a review of the record, it is found that the reasons stated by the Board for denying the variance application are reasonably supported by substantial evidence in the record. Plaintiffs have failed to establish that in denying their request for a variance the Board acted unfairly or for invalid reasons or with improper motives. It has not been established that the Board acted arbitrarily, illegally and in abuse of its authority in taking the action appealed from.
Accordingly, the decision of the Board denying the variance is affirmed.
Joseph J. Purtill Judge Trial Referee