[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by plaintiffs Angelo DiPollina and Sue Ann DiPollina from the action of the defendant Zoning Board of Appeals of the Town of Waterford in denying their application for a variance.
For reasons hereinafter stated, the decision of the Board is affirmed.
Plaintiffs have appealed under the provisions of General Statutes § 8-8 (b) which provides that: "Any person aggrieved by any decision of a board may take an appeal to the superior court. . . ."
To establish the aggrievement required by statute, so as to be entitled to appeal, a zoning board's decision, a party must allege facts which, if proven, would constitute aggrievement as a matter of law and prove the truth of those factual allegations. Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192 (1996). Here, the plaintiffs have properly alleged aggrievement. The evidence has established that plaintiffs are the owners for the property which was the subject of the variance request, they were the parties who applied for the variance and they continue to hold title to the property. It then must be concluded that plaintiffs are aggrieved and have standing to prosecute this appeal. Connecticut General Statutes § 8-8 (a)(1), Rogers v. Zoning Board ofAppeals, 154 Conn. 484, 488 (1967).
No questions have been raised concerning any jurisdictional issues. All notices appear to have been published properly and no jurisdictional defects have been noted.
The record indicates that plaintiffs are the owners of residential property at 76 Old Colchester Road in the Town of Waterford. The property was acquired by the plaintiffs on July 2, 1970 and consists of approximately 5.431 acres of land located in an R-40 zone.
On May 9, 2001, petitioners applied to the Board for a variance of § 5.4.1 of the Waterford Zoning Regulations. Section 5.4.1 requires CT Page 3530 that in the R-40 zone the minimum front yard set back should be 50 feet. At the time of the application, the property was a valid preexisting nonconforming use with a front set back approximately 49 feet from the highway. The variance would allow a further reduction of the front yard set back line of 7.5 feet.
In their application, plaintiffs expressed their claim of hardship as follows: "The placing of the existing improvements on the property prevented the applicant from building an addition except as where proposed. The installation of the present improvements predates the current zoning regulations."
It was also noted on the application that on September 24, 2000, plaintiffs applied for an identical variance. This application was considered at a public hearing of the Board held October 5, 2000. This application was denied. The reason stated by the Board for denial of the variance was "failure to demonstrate hardship." Plaintiffs claim there has been a change of circumstances since the last hearing.
Plaintiffs' second application was scheduled for a public hearing to be held July 12, 2001. Plaintiffs appeared at the hearing and, with their attorney and were heard by the Board. It was explained that the purpose of the variance was to extend the front of the house towards the street by an addition. This addition would allow plaintiff, Sue Ann Dipollina's mother, to reside with petitioner in the home.
There was no opposition to the application from the public and the variance was supported by neighbors and others.
The town planner, in his report to the Board, questioned as to whether the board could find a legal hardship.
After the public hearing had been adjourned, the Board considered the application and, by a vote of four to one, denied plaintiffs' application for a variance stating as its reason "no hardship. "
Notice of the Board's decision was properly published and, within the time allowed by statute, this appeal was filed.
In deciding appeals such as we have here, the court operates under certain restrictions. The court is not at liberty to substitute its judgment for that of the administrative tribunal. Hall v. Planning Zoning Board, 153 Conn. 574, 577 (1966). The court may only determine whether the Board acted arbitrarily or in abuse of its discretion.Raybestos-Manhattan, Inc. v. Planning Zoning Board, 186 Conn. 466, 470
(1982). The decision of defendant Board may be reversed only if it is CT Page 3531 found that the Board's action was illegal, arbitrary or in abuse of discretion. Cameo Park Home, Inc. v. Planning Zoning Commission,150 Conn. 672, 677 (1963).
Where, as here, the Board has stated the reason for its action on the record the court is limited to determining whether the reason assigned is reasonably supported by the record and whether it is pertinent to the considerations which the Board is required to apply under the zoning regulations. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544
(1991). The action of the Board must be sustained if the stated reason is sufficient to support it. Goldberg v. Zoning Commission, 173 Conn. 23, 26
(1977).
The plaintiff has the burden of proving that defendant Board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707
(1988).
Plaintiffs have appealed the action of the Board in denying the application for a variance. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For this reason, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Boardof Appeals, 233 Conn. 198, 206 (1995).
The Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6 (3) and § 27.2.3 of the Waterford Zoning Regulations.
Variances are, in a sense, the "antitheses of zoning." Zoning is regulation by the municipality of the use of land within the community, and the buildings and structures which may be located thereon, in accordance with a general plan. The General Statutes authorize such regulation of land and the use of buildings. Such regulations, however, must be applied uniformly throughout each district. A variance disrupts the conformity and constitutes permission to act in a manner that is otherwise prohibited by the zoning regulations. Simko v. Ervin,234 Conn. 498, 505-506 (1995).
The two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988). CT Page 3532
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulations has on other properties in the zone. Dolan v.Zoning Board of Appeals, 156 Conn. 426, 430 (1968).
Where a disadvantageous situation arises from a voluntary act on the part of the applicant, it cannot be considered a hardship and the Board does not have authority to grant a variance Pollard v. Zoning Board ofAppeals, 186 Conn. 32, 39 (1982). The Board is under no duty to extricate an applicant from a self created hardship. Pollard v. Zoning Board ofAppeals, supra, 44. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. ZoningBoard of Appeals, 152 Conn. 657, 662 (1965).
The Board denied the variance on the grounds that no hardship had been proven. Plaintiffs claim that there is substantial evidence of hardship in the record and that the Board's decision was arbitrary.
Proof of hardship is a condition precedent to the granting of a variance. Point o'Woods Assn., Inc. v. Zoning Board of Appeals,178 Conn. 364, 365 (1979). The hardship must "arise from circumstances or conditions beyond the control of the property owner." Aitken v. ZoningBoard of Appeals, 18 Conn. App. 195, 205 (1989).
Plaintiffs contend that the action of the Board should be overturned because it was capricious, unreasonable and inconsistent with the intent of the zoning regulations. As a part of this argument, plaintiffs state that they did establish a hardship sufficient to justify the granting of the variance. It is also plaintiffs argument that they are entitled to a variance as their property is a preexisting nonconforming use to the current zoning regulations.
Claims not briefed will be considered abandoned. Shaw v. PlanningCommission, 5 Conn. App. 520, 525 (1985).
 I
From the record, it may be found that plaintiffs desired to build an addition to the front of their house. The addition would allow the construction of a room adjacent to the existing livingroom which would contain a sofa bed. The room would be a bedroom at night for Mrs. DiPollina's mother. During the day it would be an extension of the living room.
Because of the side line requirements, it would be impossible to build CT Page 3533 any extension to the side of the house under the zoning regulations.
There is ample room to the rear of the house for an addition. Plaintiffs claim that they cannot build to the rear of the house because of an existing patio, a covered exit, a power line, a well and a barn. All of these items were on the property at the time plaintiffs acquired it and predate the current zoning regulations.
Plaintiffs argue that the situation here is identical to that found inStillman v. Zoning Board of Appeals, 25 Conn. App. 631 (1991) and Kelleyv. Willington Zoning Board of Appeals, 29 Conn.L.Rptr. 15, 550 (Klaczak, J., 2001). While the factual situation here may be similar to that found in the cited cases, the legal issue before the court is quite different. In both of the cited cases, the local zoning board of appeals which heard the evidence concluded that a hardship existed. On appeal, the issue before the court was whether the Board abused its discretion in reaching the conclusion that a hardship existed. In this case, the Board failed to find a legal hardship. In deciding this case, the court cannot substitute its judgment for that of the local zoning board. Hall v.Planning and Zoning Board, supra, 153 Conn. 574. The court must determine whether or not the reason assigned by the Board for its decision on the application is reasonably supported by the record. Protect Hamden/NorthHaven From Excessive Traffic and Pollution, Inc. v. Planning and ZoningCommission, supra, 220 Conn. 554.
Although plaintiffs cannot extend their building to the front or to either side, the record is clear that they have ample room to expand to the rear. This might not be convenient because of the way the house has been laid out with the living room on the front and the kitchen at the rear. It could, however, be done under the regulations.
The principal reasons advanced by plaintiffs for their inability to extend a house to the rear is the location of "topographic conditions" existing on the property. Among these items is what has been called a barn. The plan showing plaintiffs property presented to the Board shows several out buildings on the property. The structure closest to the house labeled a "frame garage" is located about 60 feet to the rear of the house. It does not appear that this structure would prevent the modest addition proposed by plaintiffs being erected at the rear of the house in conformance with the regulations.
Plaintiffs also contend they cannot extend their building to the rear because of an existing well. The property is served by a municipal water supply so that the well is not essential to the enjoyment of the property. The well, however, is used for animals kept on the property. In their presentation before the Board, the exact location of the well was CT Page 3534 not specified, but was estimated to be 30 feet from the house. The construction of the addition itself would not extend to the well. It was expressed, however, that construction to the rear of the house could disturb the water supply and the vein could be hurt which would effect the water supply in the well.
It was also represented that placing the addition to the rear of the house would entail changes to the patio, the power line and the covered entrance. All of these things could be done but it would entail additional expense to plaintiffs. All of these claims advanced by plaintiffs were considered and discussed at the public hearing and the Board determined that they did not constitute the unusual hardship required by law before a variance could be granted. Grillo v. ZoningBoard of Appeals, supra, 206 Conn. 368. This decision of the Board is supported by substantial evidence in the record. Disappointment in the use of property does not constitute exceptional difficulty or unusual hardship. Krejpico v. Zoning Board of Appeals, supra, 152 Conn. 662.
There was no showing that plaintiffs would be deprived of the reasonable use of their property if the variance was denied. There was no showing that the existence of the barn would interfere with an addition to the rear of the property and evidence that the well would be injured was speculative at best. There was no showing that the cost of the relocation of the power line and changes to the covered entrance and patio would be excessive. Plaintiffs have not sustained their burden of proving that the Board abused its discretion in denying their application for a variance.
 II
Although the above decision that the Board did not abuse its discretion in denying the variance application on the grounds that no hardship had been proven is dispositive of the case. The question as to whether the Board had authority to consider the application because of the prior denial and finding of no hardship.
The Board derives its authority to grant variances from C.G.S. § 8-6. A pertinent part of that statute, § 8-6 (a)(3) states in part "no such Board shall be required to hear any application for the same variance or substantially the same variance for a period of six months after the decision by the Board or by a court on an earlier such application." In this case, the same variance application was presented by plaintiffs about eight months before the application now before the court. That application was denied by the Board for the same reasons as in this case "failure to demonstrate hardship." It is a general principal of law that an administrative agency may not reverse itself unless there has been a CT Page 3535 change of circumstances or that other considerations materially affecting the merits of the subject matter have intervened without the vesting of any rights since the last decision. Fiorilla v. Zoning Board of Appeals,144 Conn. 275, 279 (1957).
Here, it does not appear that there has been any material change in circumstances since the earlier decision and finding by the Board. The only change appears to be that at the second hearing an attempt was made to prove that the addition had to be constructed at the front of the house because of hardship. At the first hearing it was represented that the house could be expanded to the rear in compliance with the regulations and that the addition to the front was a matter of choice. It does not appear that there has been any real change in circumstances since the first hearing, only a change in the manner of presentation.
 III
The Board also contends that § 24.4 of the Waterford Zoning Regulations would prevent the proposed expansion. This section allows the expansions of nonconforming structures provided that no new nonconformity or increase encroachment results. If the variance were granted, this would be a factor which plaintiffs would have to face. However, since the variance was denied the issue does not arise and the court declines to consider it.
 IV
Accordingly, the decision of the Board denying the variance is affirmed.
Joseph J. Purtill, Judge Trial Referee