Trivalent Realty Co., Inc., et al. *v.*
Town of Westport
(2803)

Testo, Dupont and Borden, Js.

Argued February 10—decision released June 26, 1984

*Bernard J. Virshup* and *James A. Miller, Jr.,* with whom, on the brief, was *Geoffrey A. Hecht,* for the appellants (plaintiffs).

*Keith D. Dunnigan,* with whom, on the brief, was *Peter J. Ottomano,* for the appellee (defendant).

Borden, J. The plaintiffs are property owners who challenge the imposition on them of betterment assessments by the defendant, the town of Westport, following the construction of a municipal parking lot.[1] The

[1] The parking lot and the formula used for the betterment assessments are the same as those addressed by the Supreme Court, in a different con-

parking lot is located within approximately 500 feet of the respective properties of the plaintiffs. The trial court rendered judgment for the defendant. The plaintiffs appealed.[2] We find error.

The memorandum of decision of the trial court, as supplemented by the undisputed exhibits in the case, discloses the following facts. In 1963, the planning and zoning commission of the defendant was requested to review the parking lot project and, as of September 5, 1963, was on record as supporting it. On January 14, 1966, the first selectman submitted to the commission, for its final approval, a plan for a public parking lot of approximately 400 parking spaces. The letter of submission noted the prior "preliminary approval," noted that "[t]he plan has now been finalized and the complete report on the matter was brought before a public hearing Tuesday evening, January 11, 1966," and "requested that the Planning and Zoning Commission consider this plan for final approval. Copy of the plan with attached maps is enclosed herewith." This submission was pursuant to General Statutes, Cum. Sup. 1963, § 8-24,[3] which then provided, in effect, that

text, in *Mobil Oil Corporation* v. *Westport*, 182 Conn. 554, 438 A.2d 768 (1980). That case did not involve the challenge to the legality of the assessments which the plaintiffs make in this case.

[2] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[3] General Statutes, Cum. Sup. 1963, § 8-24, then in effect, provided as follows: *"No municipal agency or legislative body shall* locate, accept, abandon, widen, narrow or extend any street, bridge, parkway or other public way, *locate,* relocate, *acquire land for,* or abandon, sell or lease, *any* airport, park, playground, school, or other *municipally owned property* or public building, extend or locate any public housing project or redevelop, recondition *or improve any specific area,* or take action on any proposal involving the extent and location of public utilities and terminals, whether publicly or privately owned, for water, sewerage, light, power, transit and other purposes, *until the proposal to take such action has been referred to the commission for a report. The failure of the commission to report within thirty days after the date of official submission to it shall be taken as approval of the proposal.* In the case of the disapproval of the proposal by the com-

a municipality shall not make a municipal improvement without first referring the proposal for the improvement to its planning commission for a report; that failure of the commission to report within thirty days constitutes approval; and that disapproval by the commission must be transmitted to the municipal legislative body for consideration by it.[4] We note that although the defendant had chosen to combine its planning and zoning commissions into one body; see General Statutes § 8-4a; the commission referred to by General Statutes § 8-24 is the planning commission. Thus, in acting pursuant to General Statutes § 8-24, the commission was acting in its planning capacity. See *Purtill* v. *Town Plan & Zoning Commission,* 146 Conn. 570, 571–72, 153 A.2d 441 (1959).

On January 24, 1966, the commission stated in its minutes that three steps were necessary for finalization of the project: approval under General Statutes

mission the reasons therefor shall be recorded and transmitted to the legislative body of the municipality. A proposal disapproved by the commission shall be adopted by the municipality only after (a) a two-thirds vote of the town council where one exists, or a majority vote of those present and voting in an annual or special town meeting, or (b) by a two-thirds vote of the representative town meeting or city council or the warden and burgesses, as the case may be." (Emphasis added.) The thirty day period within which the commission must report was subsequently changed to thirty-five days. See General Statutes (Rev. to 1983) § 8-24.

[4] The defendant suggests in its brief that the submission to the commission in 1963 was also pursuant to General Statutes § 8-24. It is clear that the trial court considered the 1966 submission as the sole request under General Statutes § 8-24, and that the 1963 action of the commission was merely "preliminary approval." We decide this case on the theory on which it was tried and decided in the trial court. *Beckenstein* v. *Potter & Carrier, Inc.,* 191 Conn. 120, 132, 464 A.2d 6 (1983). Moreover, the defendant did not raise the 1963 action of the commission as an alternate ground on which to sustain the judgment of the trial court. See Practice Book § 3012. We likewise do not consider the defendant's argument in this court that No. 86 of the 1965 Special Acts; 32 Spec. Acts 70, No. 86; rendered approval under General Statutes § 8-24 unnecessary. The defendant conceded at oral argument that this claim was not raised in the trial court, and it was not raised in this court by the defendant under Practice Book § 3012.

§ 8-24 for acquisition of the land; zoning approval for use of the land as a parking lot; and zoning authorization for a change in the size of the lots along Myrtle Avenue. On August 18, 1966, the commission noted in its minutes that a special permit would be required for the parking facility, which would be treated as a municipal use project in a residential zone. On April 25, 1968, the commission's planning director presented to the commission a revised design layout of the parking lot, which had been prepared by the planning staff. This revised design incorporated into the plan a parcel known as the Kraft property and eliminated from the plan a parcel known as the Hulbert tract. The Hulbert tract is .98 of an acre in size and was being used as a private parking lot for 104 cars. The commission "informally approved" this design as presented, withholding formal action on design and zoning until completion of a grading plan by the town engineer. On August 22, 1968, the commission granted a special zoning permit for the construction of a parking lot for 207 cars. The commission did not, within thirty days of June 14, 1966, or at any time, report to the board of selectmen in response to the request made on that date under General Statutes § 8-24. In 1975, an ad hoc committee submitted to the board of selectmen a formula for determining the amounts of the betterment assessments. The board adopted this formula, the application of which includes the properties of the plaintiffs.

The plaintiffs sued the defendant, claiming that the assessments were illegal on various grounds. The trial court rejected the challenges to the assessments and rendered judgment for the defendant.

In our view, one of the grounds of appeal of the plaintiffs is dispositive. It is, therefore, unnecessary to address the plaintiffs' other claims. The dispositive ground is that the defendant did not comply with General Statutes § 8-24.

We agree with the trial court and the defendant that the failure of the commission to report on the proposal "within thirty days after the date of official submission to it [must] be taken as approval of the proposal." General Statutes, Cum. Sup. 1963, § 8-24. Implicit in the trial court's decision is a finding that the submission of January 14, 1966, was the "official submission" under General Statutes § 8-24. It also specifically found that the commission did not report within thirty days thereafter. As used in General Statutes § 8-24, the word "report" means "to return or present (a matter officially referred for consideration) with conclusions or recommendations . . . ." Webster, Third New International Dictionary. The vote of the commission, standing alone, as reflected in its minutes, did not constitute a report to the board of selectmen. Thus, the proposal was approved as a matter of law. See *Viking Construction Co.* v. *Planning Commission,* 181 Conn. 243, 246–47, 435 A.2d 29 (1980); *Merlo* v. *Planning & Zoning Commission,* 1 Conn. App. 621, 474 A.2d 477 (1984).

The proposal as approved, however, was for a parking lot for approximately 400 cars, with a particular configuration and involving the acquisition of all or parts of certain parcels of property. The project which forms the basis of the betterments assessed against the plaintiffs is a parking lot for 207 cars. The trial court considered that the difference between the two resulted simply from a redrawing of the lines for parking spaces and was, therefore, de minimis. The plaintiffs take issue with this determination.

An offstreet parking lot in a congested business district is a municipal improvement for which benefited properties may be assessed. 14 McQuillin, Municipal Corporations (3d Ed. Rev.) § 38.28a. In acting pursuant to a law permitting the levying of betterment assessments, however, "municipal authorities must adhere

strictly to its terms, for any material departure there-from, especially of a jurisdictional nature, is fatal to the validity of the assessment. . . . [I]n levying special assessments . . . due observance of all mandatory and jurisdictional provisions of the applicable law is indispensable. All limitations expressed or implied therein must be strictly observed. If the applicable law prescribes the mode of exercising the power, the mode prescribed must be followed, or the assessment will be void . . . ." Id., § 38.07; see also *Sheehan* v. *Altschuler,* 148 Conn. 517, 523–26, 172 A.2d 897 (1961); *Bennett Estate, Inc.* v. *New Haven,* 117 Conn. 25, 34, 166 A. 680 (1933); *Gregory* v. *Bridgeport,* 52 Conn. 40, 44 (1884). Under General Statutes, Cum. Sup. 1963, § 8-24, either a report by the commission on the proposal referred to it, approval by the commission of the proposal by failing to report within thirty days, or disapproval of the proposal by the commission followed by a two-thirds vote of the appropriate municipal body was mandatory to the validity of the ultimate assessments. See *Jeschor* v. *Guilford,* 143 Conn. 152, 158, 120 A.2d 419 (1956). Here the commission, by its inaction in 1966, approved the proposal but then in 1968 revised it by adding the Kraft property and eliminating the Hulbert tract. Once having approved the proposal, the commission had no authority under General Statutes § 8-24 to revise it in this way without a new submission.

Nor was this revision a de minimis variance. A substantial, as opposed to a slight or immaterial, variance renders an assessment void. 13 McQuillin, Municipal Corporations (3d Ed. Rev.) § 37.87. Although the size and location of the Kraft property is not clear in this record, the significance of the Hulbert tract is clear. The difference, resulting from the elimination of the Hulbert tract, between the proposal approved by operation of law in 1966 and the project as ultimately constructed and on the basis of which the properties of the

plaintiffs were assessed goes much beyond a redrawing of lines for parking spaces within an essentially similar parking lot. That elimination changed the basic configuration of the lot, reduced it in size by nearly one acre, and accounts for approximately one-half of the reduced number of parking spaces. These substantial differences persuade us that the defendant did not comply with General Statutes § 8-24 and that these assessments are invalid.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs.

In this opinion the other judges concurred.