[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Previous Litigation
Jimmies, Inc., the plaintiff in the instant case, and the principals in that corporation, and the City of West Haven and its agencies, are no strangers to the courts in the basic underlying dispute which is the subject matter of this case. In one form or another the desire of the City of West Haven, initially expressed in a 1967 redevelopment plan for intense development of the former Savin Rock area, and later the desire of the City and its officials to severely limit that development which culminated in the present rezoning on March 24, 1992, has been the subject of numerous law suits against the city and its agencies either by Jimmies, Inc., that corporation's principals, or other corporations and individuals similarly situated.
These claims in one form or another have received attention under the following captions: West Haven v. Impact, 174 Conn. 160
(1978); New Haven Savings v. West Haven Sound Development,190 Conn. 60 (1983); Harbor Mist Associates v. City of West Haven, File No. 0217450 2d P. June 1983, Superior Court, New Haven; West Haven Sound Development Corp. v. West Haven, 201 Conn. 305; West Haven Sound Development Corp. v. West Haven, 207 Conn. 308 (1988); Jimmies, Inc. v. City of West Haven, et al, Docket No. 233198, Judicial District of New Haven; Jimmies, Inc., et al v. City of West Haven, et al, Docket No. 260066, Judicial District of New Haven; Joseph E. Celentano v. City of West Haven, Docket No. 260065, Judicial District of New Haven; and finally the instant case, Docket No. CV 92-0331249-S, Jimmies, Inc., et al v. West Haven Planning Zoning Commission, et al.
Aggrievement
Aggrievement is a prerequisite to the right to appeal from the action of a planning and zoning commission. Schwartz v. Town Plan Zoning Commission of the Town of Haddam, 168 Conn. 20. It is clear that the planning and zoning action to adopt a new zoning map and new regulations for the City of West Haven affected the entire City of West Haven. Not only do the new regulations directly affect the defendants, but also the new zoning map changes the zoning on property which is within 100 feet of the plaintiff's property. As a result, the changes in the regulations are CT Page 3418 sufficient to demonstrate that the plaintiffs are aggrieved. While the court finds that the plaintiffs are aggrieved, the plaintiffs' attempt to raise certain procedural issues which may have no direct bearing on them, and accordingly, the finding of aggrievement should not be interpreted as a blanket finding that the plaintiff have standing to raise all of the issues which they have attempted to raise in the instant appeal.
Facts
Prior to 1963 the defendant City of West Haven promulgated a general intent to redevelop a large area known as Savin Rock, with the assistance of state and federal funding. The City of West Haven, through town ordinance, established the West Haven Redevelopment Agency pursuant to the authority of Connecticut General Statute 8-126. In 1963, the Redevelopment Agency created an Urban Redevelopment Plan for the area. In due course two plans were adopted. The first plan was "Savin Rock Urban Redevelopment Area No. 1, Conn. R-47". Project No. 1, which involved Phase I, and which involved the complete demolition and removal of all structures within the project area and the redevelopment of the same. Phase I was completed. By 1966, the Agency entered into Project No. 2, which was Phase II. Project No. 2 also called for a complete demolition and removal of all structures and redevelopment of the area. Project No. 2 was and is not completed at this time.
Under the plan, and pursuant to the authority of the Agency under Chapter 130, the Agency would solicit proposals of development for each parcel. After the Agency chose the redeveloper, a land disposition agreement ("LDA") would be entered into between the Agency and the redeveloper. In the LDA the purpose of the plan is discussed. The plan for Project No. 2 was to continue until March 28, 2006.
The plaintiff, Jimmies, Inc., a Connecticut corporation, and James Gagliardi and Paul Gagliardi owned several parcels of property in West Haven. Jimmies, Inc. owns 5 Rock Street, a/k/a Parcel K, 15-19 Beech Street, 25 Third Avenue and 21 Third Avenue, 42 Third Avenue, 58 Third Avenue and 116 Elm Street. Both James and Paul Gagliardi owned J(3) and have a contingent interest in Parcel J(1). These parcels are in the area designated as a redevelopment area. Jimmies entered into a LDA on April 2, 1973 which was recorded in the West Haven Land Records. Said LDA was an agreement between the City and Jimmies that contained certain CT Page 3419 reciprocal rights and obligations. Said parcel was referred to as Parcel K. The parcel was sold to Jimmies by the defendant City of West Haven to be developed in accordance with the plan. Parcel K is currently being used as a restaurant permitted under the amended Urban Renewal Plan. However, Parcel K was pemitted [permitted] under the Plan for the construction of high density residential units. These units could be 12 stories high and contain one unit per 1,000 square feet of land. Parcel J is also owned by Gagliardi. Said parcel is in the urban development area and is subject to the Plan. Currently the parcel is being used for parking incidental to the restaurant.
Parcel J(1) which is in the redevelopment area was owned by Gagliardi who reconveyed it to the City on June 1, 1989. In accordance with the terms of the reconveyance Gagliardi has certain rights to repurchase parcel J(1). Therefore, the plaintiffs are found to have an interest in the regulatory changes in the zone as it affects the above-referenced parcels.
Beginning on January 8, 1991 and continuing until April of 1992, the defendant commission held hearings and voted to adopt the new zoning regulations and new zoning map. Said zoning change encompassed and affected the area covered by the redevelopment plan. The defendant has taken this appeal from the doings of the commission in a timely fashion. Not only has this dispute produced eight previous actions, all of which have been in the New Haven Superior Court, some of which have gone to the Appellate Court and some of which have also gone to the Supreme Court, but the present zoning process extended from January 8, 1991 to March 24, 1992. It included five separate public hearings, 508 pages of transcript, and over 20 hours of actual public hearing time.
It should also be noted that the present appeal contains several counts seeking money damages and essentially claiming an unconstitutional taking of property. All counts seeking money damages were withdrawn by agreement of the parties and accordingly in the present decision the court is unconcerned with issues relating to unconstitutional taking or claims of contractual violations of the LDAs between the plaintiffs and the defendant City.
Excluding arguments relating to taking, the defendant City of West Haven Planning Zoning Commission in its brief has addressed the plaintiffs' claims in nine separate arguments. CT Page 3420
Issues
In view of the voluminous background and history of the instant dispute, the court believes that the case is best addressed by examining three issues. Those issues are:
I. Procedural irregularities;
II. The effect, if any, of Connecticut General Statute 8-136
on the ability of a municipality to rezone lands covered by a redevelopment plan;
III. The conformity of the zone changes to the "Comprehensive Plan" of the City of West Haven.
I. Procedural iregularities [irregularities]
At the outset the court notes that the City's compliance or failure to comply with the various notice requirements found generally in 8-2 and 8-3 of the General Statutes is complicated by the fact that the City appears to have had a single application which was the subject of three distinct public hearings. A public hearing was scheduled for January 29, 1991 to receive public comment on Articles 1 through 7 of the proposed amendments. A second public hearing was scheduled for February 13, 1991 to receive public comments on Articles 8 through 13 of the proposed amendments. And, finally, a public hearing was scheduled for February 26, 1991 to consider public comment on "the Planning and Zoning Regulations, Articles 1 through 13 and the revised zoning district maps."
The plaintiffs allege the following violations of Connecticut General Statutes: (a) The failure to file an application as required by Article VII, Chapter 2, 72-1 of the City's regulations; (b) the failure to file the proposed boundaries at least ten days before the initial public hearing on January 29, 1991, 8-3(a); (c) the failure to refer the matter to the regional planning agency,8-3(b); (d) the failure to state reasons for the zone change on its records, 8-3(c); (e) the voting by an alternate who may not have familiarized himself with the record; (f) the failure to notify the clerk of adjoining municipalities, 8-3(h); (g) unauthorized and invalid modifications of the plan following the public hearing.
The court finds that the proposed boundaries were not filed CT Page 3421 ten days prior to the January 29, 1991 hearing. While it may be possible for the City to have separate applications to consider zone changes and boundary changes, the City of West Haven appears to have been entertaining a single application. Under these circumstances the failure to have a clear map of the proposed change prior to the first scheduled public hearing is viewed by the court as a fatal defect. Additionally, while the court recognizes that West Haven has subsequently changed its regulations, at the time of the instant appeal West Haven required an application containing certain information. For the reasons set forth in William Gault v. Westport Planning Zoning Commission, Docket No. 20-67-34, Judicial District of Fairfield at Bridgeport (April 9, 1986), the court finds that the failure to file an application was a fatal procedural defect. Finally, while the court recognizes the enormity of the project that was being undertaken by the City and acknowledges that changes in the plans and regulations were likely to be made following the public hearing, the changes appear to have been so massive that for the reasons set forth in Joseph Maccio v Town of Southington, 10 Conn. L.Rptr. No. 1, 6 (October 11, 1993), the court holds that these modifications to the proposal could not be made without a new application and a subsequent public hearing. Because the court deems it necessary to reverse the West Haven Planning Zoning Commission for the procedural irregularities discussed above, it is unnecessary to consider whether the additional irregularities would be grounds for reversing the decision. Additionally, some of the irregularities, such as the failure to notify adjoining municipalities and the failure to notify the regional planning agency, may be matters capable of being raised only by the affected agencies and not by the plaintiffs in the instant case. The law is clear that the failure to state reasons on its records is not in and of itself a sufficient reason to reverse the actions of the planning and zoning commission.
 II. Does 8-136 preempt local zoning at least in the area covered by redevelopment?
It appears to be uncontested that the City of West Haven adopted a redevelopment plan as that term is used in Chapter 130 of the Connecticut General Statutes. Section 8-136 of the General Statutes provides:
 "A redevelopment plan may be modified at any time by the redevelopment agency, provided, if modified after the lease or sale of real CT Page 3422 property in the redevelopment project area, the modification must be consented to by the redeveloper or redevelopers of such real property or his successor or their successors in interest affected by the proposed modification. Where the proposed modification will substantially change the redevelopment plan as previously approved by the legislative body, the modification must similarly be approved by the legislative body."
There is no question that proposed changes to the redevelopment plan have not and will not be consented to by the redeveloper or redevelopers of such real property. There is no question that some of the property in the redevelopment area has been sold and that some of the property has been sold to the plaintiffs. On a previous occasion the City of West Haven attempted to amend the redevelopment plan without the consent of developers. This effort was eventually stricken down by the Supreme Court in City of West Haven v. Impact, 174 Conn. 160
(1978). Various other attempts to acquire property or limit development in the redevelopment area have from time to time been stricken or limited by the courts in the cases referenced at the beginning of this decision.
However, none of the earlier cases squarely presented the question whether changes which were impermissible by referendum or acquisition were permissible when done pursuant to the City's zoning power under Chapter 124 of the General Statutes.
The court finds as a fact the plaintiffs' allegation that the result of the new zoning regulations and changes in zone boundaries is that low-rise development was reduced by 25% and mid-rise development was reduced by 45%. Further that the general effect of the new regulations is to diminish the development in the redevelopment area. The court also finds as a fact that this limitation on development runs counter to the philosophy of the redevelopment plan. The plan had an original life until the year 2006 but it is clear that since 1974 the City has tried in various ways to limit development in the Savin Rock area.
The court finds at least plausible the plaintiffs' contention, at page 41-42 of its brief, as follows:
"In the case at hand, the city is trying to CT Page 3423 `end run' the past decisions. Rather than referendum to create open space, which didn't work, rather than creating open space by the City moratorium by purchasing property, which didn't work, they are trying to use the powers of zoning to alter The Plan."
The plaintiff's problem is that the plaintiff cites absolutely no authority for the proposition that the adoption of a redevelopment plan in anyway limits the normal zoning authority of the City. The parties do not cite and the court cannot find in Chapter 130 a hint of a legislative intention that zoning is preempted by redevelopment. Jimmies, Inc. and its principals acquired certain rights under "LDA"s by which Jimmies or its principles purchased land from the redevelopment agency. The parties have specifically agreed that any claims of compensation for violation of the City's contractual obligation or any claims for a taking without due process were withdrawn from the court's consideration in the present action. As a result it would be inappropriate for the court to express any opinion on Jimmies, Inc.'s potential success in a damage suit.
While the court is sympathetic to the enormous importance which the question presents, both to the City of West Haven and its citizens and to Jimmies, Inc. and its principals, in the absence of Connecticut authority, or at least analagous authority from another jurisdiction, the court finds itself without adequate legal basis to rule that 8-136 preempts or prohibits zoning amendments adopted in compliance with Chapter 124.
 III. Does the proposed zoning violate the comprehensive plan of the City of West Haven?
It is black-letter law that a zone change must pass a two-part test. One, the zone change must be in accordance with a comprehensive plan, and, two, it must be reasonably related to the normal police powers enumerated in Connecticut General Statutes8-2. First Hartford Realty Corp. v. Planning Zoning Commission,165 Conn. 533 (1973).
A "comprehensive plan" means a general plan to control and direct use and development of property in a municipality or a large part thereof by dividing into districts according to present and potential uses of the property. Damick v. P Z Commission of the Town of Southington, 158 Conn. 78 (1969). However, it is clear CT Page 3424 that our Supreme Court has held that the comprehensive plan is not to be confused with the town's plan of development. Trivalent Realty Corp. v. Town of Westport, 2 Conn. App. 213 (1984). Where a town has failed to adopt a comprehensive plan, the town's comprehensive plan is to be found in the scheme of the zoning regulations themselves. First Hartford Corp. v. Planning and zoning commission of the Town of Bloomfield, 165 Conn. 533 (1973).
The court finds that the City of West Haven has not adopted a comprehensive plan and therefore one must look at the scheme of the zoning regulations themselves to determine proper changes.
The court agrees with the defendants that the comprehensive plan for the redevelopment area is not to be found solely in the redevelopment plan. Since the court has held that the City has failed to adopt a comprehensive plan, the comprehensive plan is to be found in the scheme of the West Haven Zoning Regulations. Because the court had sustained the appeal, after a finding of fatal procedural violations, it was unnecessary for the court to proceed beyond that holding. Nevertheless, recognizing that the question of preemption of zoning powers by redevelopment powers would almost surely arise in the future concerning the same area, the court has ruled on the preemption question. With regard to the comprehensive plan question, it is clear that the zoning must be in accord with the comprehensive plan and that the comprehensive plan is to be found in the scheme of zoning itself. It would appear that any future rezoning of the area should occur after careful examination of the Supreme Court's holding in First Hartford Corp. v. Planning and Zoning Commission of the Town of Bloomfield,165 Conn. 533 (1973). In that case the court relied upon specific studies of the area involved in the rezoning and evidence was present which demonstrated that the area could not support future development. There was support found for the commission's concern over public safety and traffic problems. There was a basis for the rezoning. The court expressed a certain reluctance to change a zone from commercial to residential without the showing of good cause. The court's reluctance was based upon the pattern of zoning within the Town of Bloomfield.
This court is incapable of evaluating any potential new zoning which has yet to be adopted. Recognizing that rezoning of the Savin Rock area is likely in the future, the court simply calls to the City's attention the fact that that rezoning must comply with its implied comprehensive plan and should be justified by some objective standard as set forth in First Hartford Corp. and, CT Page 3425 further, be justified by more than simply an intention to limit development in the area. Any intention to limit development must be supported by rational fact-based arguments.
Because of the procedural irregularities hereinbefore set forth, the court reverses the action of the West Haven Zoning authority and sustains the appeal. As required by 8-8(1), costs are allowed against the board because the action appealed from has been reversed.
THE COURT:
BY: Kevin E. Booth, Judge