[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William T. Esposito, appeals from the decision of the defendant, Hamden planning and zoning commission, granting a change of zone to the codefendant, Whitney Towers, LLC (Whitney).
Whitney is the owner of a 4.2 acre parcel of land located at 41 School Street in the town of Hamden. On December 15, 1998, Whitney applied to the commission for a zone change for the parcel from a CDD-4A zone to a B-2 zone. The purpose of the proposed change was to provide parking for the adjacent B-2 site, which it also owned. The town's planning administrator sent a copy of Whitney's application and a memo, dated December 15th, to the town clerk, stating that the planning section of the commission would review the application at its January 19, 1999, meeting. The memo also stated that a recommendation would be CT Page 2877 submitted to the zoning section for its public hearing on February 2, 1998.
At its January 19, 1999, meeting, the planning section unanimously approved the sending of a favorable review to the zoning section on Whitney's proposed zone change. Following a public hearing, the zoning section unanimously approved the zone change application at its February 2, 1999, meeting. Notice of the approval was published in the New Haven Register on or about February 9, 1999.
As established by the record and by the testimony before the court, the plaintiff owns land within 100 feet of that involved in the commission's decision. General Statutes § 8-8(b) provides that any person "aggrieved" by a zoning commission's decision may appeal that decision to the superior court. General Statutes § 8-8(a) defines an aggrieved person to include the owner of the land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the agency. Since the plaintiff owns land within 100 feet of the land involved in the decision of the zoning commission, he has statutory aggrievement and has standing to maintain this appeal.McNally v. Zoning Commission, 225 Conn. 1, 5-8, 621 A.2d 279
(1993); Caltabiano v. Planning Zoning Commission,211 Conn. 662, 665-670, 560 A.2d 975 (1989).
Esposito presents two grounds in his appeal: (a) the commission failed to comply with General Statutes § 8-3[a] in that it failed to state its findings on the record, failed to refer the application to the planning section for its report thirty-five days prior to the public hearing, and failed to report the findings of the planning section as to the consistency of the zone change with the plan of development; and (b) the granting of the zone change amounted to spot zoning. "Issues that were raised in the appeal but not briefed by the plaintiff [such as the commission s alleged failure to comply with §§ 812.1, 813 and 814 of its zoning regulations] are considered abandoned."Grace Community Church v. Planning Zoning Commission,42 Conn. Sup. 256, 259 (1992); see also Connecticut National Bank v.Giacomi, 242 Conn. 17, 44-45, 699 A.2d 101 (1997); TimberlandDevelopment v. Planning Zoning Commission, 43 Conn. App. 606,610, 684 A.2d 1216, cert. denied, 240 Conn. 902, 688 A.2d 331
(1997).
 I
CT Page 2878
Esposito appeals on the ground that the commission failed to comply with General Statutes § 8-3a(b)[1] Specifically, Esposito argues that the commission made no findings upon the record concerning the consistency of the zone change with the plan of development, and the commission failed to refer the application to the planning section for its report thirty-five days prior to the public hearing.
 1.
Esposito argues that the planning section "failed to articulate any findings of the proposed zone change's effect on the plan of development, [and] even if the Planning Section articulated a report, the Zoning Section failed to report on the Planning Section's findings at the public hearing as required by statute." Further, Esposito argues that the record is devoid of any evidence showing that either the planning commission or the zoning commission considered the effects of the zone change upon the plan of development of the town.
The defendants respond that the planning section adopted the town planner's report, and that report, together with the planner's report to the zoning section, the minutes of the planning section meeting, and the planning section's notice of approval of the zone change were all in the record before the planning section. The defendants further argue that "taken together, the statutory intent of Section 8-3 a was clearly satisfied in the instant action."[2]
In support of his argument, Esposito relies upon Pompea v.Danbury Zoning Commission, Superior Court, judicial district of Danbury, Docket No. 320392 (May 10, 1996, Moraghan, J.). InPompea the court invalidated an amendment to the zoning regulations because the planning commission report, in derogation of General Statutes § 8-3a (b), was not submitted to the zoning section until two days after the zoning section approved the zoning change. Here, however, there never was a planning section report, either before or after the zoning section's hearing. Moreover, the Pompea court did not consider that portion of General Statutes § 8-3a(b) that states "[t]he failure of the planning commission to report prior to or at the hearing
shall be taken as approval of such proposals." (Emphasis added.)
Esposito also relies on Gupta v. Zoning Board of Stamford,
CT Page 2879 Superior Court, judicial district of Stamford, Docket No. 160078 (November 16, 1999, Ryan, J.). In that case, the zoning commission had the report of the planning commission and asked those in attendance at the hearing for permission not to read the entire report into the record. The court held that it was mandatory for the zoning commission to read the planning report into the record at the public hearing. This requirement could not be waived, even with the consent of all in attendance. The court further held that the provision in General Statutes § 8-3a(b), allowing the absence of a report to be taken as an approval, did not contemplate a situation where there is public opposition to the proposals before the commission. The court stated that the intent of the statute was to encourage meaningful debate concerning the issues. Here, there was no report to read.[3]
Another land use statute, General Statutes § 8-24, also provides that the lack of a planning report is to be considered an approval. That particular aspect of § 8-24 was addressed in Trivalent Realty Co. v. Westport, 2 Conn. App. 213, 217,477 A.2d 140, appeal dismissed, 194 Conn. 807, 482 A.2d 712
(1984).[4] In Trivalent Realty, the court stated, in reference to the lack of reporting, that it "agreed with the trial court and the defendant that the failure of the commission to report on the proposal within thirty days after the date of official submission to it [must] be taken as approval of the proposal. . . . The vote of the commission, standing alone, as reflected in its minutes, did not constitute a report to the board of selectmen. Thus, the proposal was approved as a matter of law." (Internal quotation marks omitted.) Id. "Statutes are to be construed consistently with other relevant statutes, because we presume that the legislature intended to create a coherent body of law." (Internal quotation marks omitted.) In re Bruce R.,234 Conn. 194, 207, 662 A.2d 107 (1995). Although General Statutes § 8-3a(b) and General Statutes § 8-24 are in different chapters teach statute is relevant to the other because each deals with the failure of planning commissions to report another municipal agency and each statute does so with similar language.
The court concludes that the failure of the planning commission to file its own formal written report with the zoning commission is not grounds to vacate the zoning commission's decision.
 2
CT Page 2880
Esposito also appeals on the ground that the commission failed to refer Whitney's application within the thirty-five day time limit established by General Statutes § 8-3a. The defendants respond that referral to the planning section was made timely. The defendants further argue that "the failure to strictly comply with the thirty-five day requirement does not divest the Commission of jurisdiction."
General Statutes § 8-3a(b) requires, in part, that proposals "shall be referred to such planning commission for a report at least thirty-five days prior to the date assigned for a public hearing to be held thereon." Here, the town's planning administrator sent a copy of Whitney's application to the town clerk on December 15, 1998 stating that the planning section would review the application at its January 19, 1999, meeting, and the zoning section would take it to public hearing on February 2, 1998. Therefore, the referral was timely made.
 II
Esposito's also contends that the granting of the zone change amounted to illegal spot zoning.
Our courts have consistently held that "spot zoning is the reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood. . . . Two elements must be satisfied before spot zoning can be said to exist. First, the zone change must concern a small area of land. Second, the change must be out of harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole. . . . The comprehensive plan is to be found in the scheme of the zoning regulations themselves." Blaker v. Planning Zoning Commission, 212 Conn. 471, 483, 562 A.2d 1093 (1989);Michel v. Planning Zoning Commission, 28 Conn. App. 314, 319,610 A.2d 720 (1992).
The first element that must be satisfied, in order for the court to find that a re-zoning constitutes spot zoning, is that the zone change must concern only a small area of land. SeeBlaker v. Planning Zoning Commission, supra, 212 Conn. 483. Whitney sought, and was granted, a re-zoning of a .42 acre parcel. This is a small area of land indeed. The first element for a finding of spot zoning exists in the present case. SeeLanger v. Planning Zoning Commission, 163 Conn. 453, 461,313 A.2d 44 (1972) (six acre parcel small enough to constitute spot CT Page 2881 zoning).
The second element that must be satisfied is that the change must be out of harmony with the comprehensive plan. See Blaker v.Planning Zoning Commission, supra, 212 Conn. 483. However, the court must "afford the commission's determination of whether a change comports with the town's comprehensive zoning plan substantial deference." Michel v. Planning Zoning Commission,
supra, 28 Conn. App. 320, citing Dooley v. Town Planning ZoningCommission, 154 Conn. 470, 478, 226 A.2d 509 (1967).
When a local zoning authority enacts a zone change, it is acting in a legislative capacity. West Hartford InterfaithCoalition v. Town Council, 228 Conn. 498, 505, 636 A.2d 1342
(1994). "A local zoning authority acting within its legislative capacity is endowed with the freedom to act or not act as it deems appropriate to meet the needs and demands of the body politic, as it determines those needs and demands." HomartDevelopment Co. v. Planning Zoning Commission, 26 Conn. App. 212,216, 600 A.2d 13 (1991). When acting in its legislative capacity, a commission has broad discretion and is entitled to take into consideration facts learned through personal knowledge or observation in order to develop responsible planning for the present and future development of the community. Sowin Associates v. Planning ZoningCommission, 23 Conn. App. 370, 375, 580 A.2d 91, cert. denied,216 Conn. 832, 583 A.2d 131 (1990). "In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Smith v. ZoningBoard of Appeals, 227 Conn. 71, 80, 629 A.2d 1089, 510 U.S. 1164, 114
S.Ct. 1190, 127 L.Ed.2d 540 (1994). "[T]he trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). "The burden of proof to demonstrate that the board acted improperly is upon the party seeking to overturn the board's decision." Francini v. ZoningBoard of Appeals, 228 Conn. 785, 791, 639 A.2d 519(1994).
The town planner testified before the commission that "[t]he zone change helps to strengthen . . . the town center public spaces that were identified in the 1990 Plan of Conservation and Development as important community resources that help bolster overall civic pride. Besides the benefits of the town center revitalization, I feel the proposal will be a positive CT Page 2882 development in terms of providing for the growing market need to serve business travelers and transitional guests. . . . The proposed zone change . . . is consistent with the recognized land use planning principals and conforms with the current 1990 Plan of Conservation and Development for the Town of Hamden."
"The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site . . . or through their personal knowledge of the area involved." (Citations omitted; internal quotation marks omitted.) Raczkowski v. Zoning Commission,53 Conn. App. 636, 643, 733 A.2d 862 (1999). Based on this record, the court concludes that there is substantial evidence that the zone change is not out of harmony with the comprehensive plan. Therefore, the zone change did not amount to spot zoning.
For these reasons, the appeal is dismissed.
Bruce L. Levin, Judge of the Superior Court