[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented in this case is whether a decision of a planning commission pursuant to General Statutes § 8-24 to issue a favorable report with respect to proposed municipal improvements is immediately appealable.
The appellants Victor Civie and Richard Civie own a residence at 320 Lambert Road, Orange, Connecticut. The selectmen of the town of Orange have proposed two municipal improvement projects, projects 106-111 and 106-112 which impact Lambert Road. Project 106-111 involves the construction and widening of motor vehicle lanes to the entrances of South Lambert Road and Lambert Road and the intersection of U.S. Route 1. Project 106-112 involves the construction of additional motor vehicle lanes on Marsh Hill Road and South Lambert Road. All of the streets are public roadways within the town of Orange.
Pursuant to General Statutes § 8-24, the selectmen referred the proposed projects to the planning and zoning commission of the town of Orange for a report. On November 21, 2000, after a public hearing on the matter, the planning and zoning commission voted unanimously to approve the projects. On December 4, 2000, the commission issued its report to the board of selectmen in which it noted its approval of the projects and its recommendation to continue pursuit of the projects. On December 13, 2000, the board of selectmen for the town of Orange approved projects 106-111 and 106-112.[1]
On December 19, 2000, the appellants filed the subject appeal of the decision of the planning and zoning commission to approve the projects.[2] The appellants claim that the commission's decision was arbitraty and an abuse of discretion in that the projects will change the character of Lambert Road contrary to the town's plan of conservation and development, the commission failed to properly consider the resulting congestion, diminished quality of life, and lower property values and the projects create "an arbitrary alteration and use of Lambert Road."
The appellee planning and zoning commission of the town of Orange filed a motion to dismiss the appeal on the grounds that the court lacks subject matter jurisdiction over the appeal. Specifically, appellee asserts that (1) the decision of the commission was merely a preliminary step in the approval process and is not immediately appealable; (2) the appellants are not aggrieved by the commission's decision because the decision of the planning and zoning commission did not directly result in the approval of the road projects and (3) the issue is moot because the board of selectmen for the town of Orange subsequently approved the projects. I agree with appellee that an appeal does not lie from the CT Page 14938 decision of the planning and zoning commission recommending approval of the projects because it was a preliminary and advisory opinion that did not result in the final approval of the projects.[3]
The town of Orange has chosen to exercise its authority under General Statutes § 8-4a and combine the powers and duties of its planning and zoning commissions into one body. See Section 5.1 of the municipal code of the town of Orange. In this instance, the commission was exercising its planning powers under § 8-24 of the General Statutes. SeeTrivalent Realty Co. v. Westport, 2 Conn. App. 213, 215 (1984). Section 8-24 provides that no municipal agency or legislative body shall widen or extend any street until the proposal to take such action has been referred to the planning commission for a report. A proposal disapproved by the planning commission may nevertheless be subsequently adopted by the municipality upon a two-thirds vote of the appropriate municipal body.[4] General Statutes § 8-24. The appellants have appealed the decision of the planning commission to report to the board of selectmen that the selectmen approve the projects.
"There is no constitutional right to judicial review of the action of a planning or zoning agency. Such review exists only under statutory authority." Schwartz v. Town Plan and Zoning Commission, 168 Conn. 20, 24
(1975). See also Hall v. Planning Commission, 181 Conn. 442, 443 (1980). The court lacks jurisdiction to consider the appeal where no statutory authority exists and dismissal of the action is appropriate. Sendak v.Ridgefield Planning and Zoning Commission, 7 Conn. App. 238, 242 (1986).
The appellants assert that General Statutes §§ 8-28 and 8-8 provide the basis upon which an appeal of the action of the planning commission lies. Section 8-28 states that "Any appeal from an action or decision of a planning commission shall be taken pursuant to the provisions of section 8-8." Section 8-8 (b) provides that any person aggrieved by "any decision" of a planning commission may take an appeal to the superior court. The appellants contend that the statute should be read literally to mean that any decision of a planning commission, final or otherwise, may be appealed to the superior court.
A court's task when confronted with issues of statutory interpretation is well established. "When we set out to interpret the meaning of a statute, our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter."Castagno v. Wholean, 239 Conn. 336, 339 (1996). CT Page 14939
Although the search for legislative intent begins with an examination of the language of the statute, the court is not hamstrung by the overt statutory wording when it is manifest that the words chosen do not fully and accurately express the legislature's intent. "Because our fundamental objective in construing a statute is to ascertain and give effect to the apparent intent of the legislature, we will not undertake an examination of [a statute] with blinders on regarding what the legislature intended it to mean. Accordingly, our analysis of [a statute] is not limited solely to the words of the statute." (Internal quotation marks omitted.) (Citations omitted.) Derwin v. State Employees Retirement Commission,234 Conn. 411, 419 (1995). See also Shew v. Freedom of InformationCommission, 245 Conn. 149, 166-167 (1998).
The words of a statute do not exist in a vacuum and our Supreme Court has recognized that they should not be interpreted as if they do. "Where a court possesses clues to the meaning of a statute, there certainly can be no rule of law which forbids [their] use, however clear the words may appear on superficial examination. " (Internal quotation marks omitted.) (Citations omitted.) State v. Golino, 201 Conn. 435, 442 (1986). See alsoState v. Albert, 50 Conn. App. 715, 720 (1998).
The problem with the appellants' interpretation of the relevant statutory language is that it results in any and all decisions of a planning commission, however preliminary or informal, being subject to an appeal to court. A decision to defer consideration to another meeting or refer the matter to a subcommittee could, under the appellants' literal interpretation, be appropriately challenged in court.
The Connecticut Supreme Court has held that only final decisions of a planning commission are appealable. In Sheridan v. Planning Board,159 Conn. 1 (1969), the court held that the decision by the planning board to amend the town's master plan to create a new land use category and its decision to apply the new land use category to the property in question were not appealable because they were only preliminary decisions. Id., 9. Since the planning board had no power to amend existing zoning boundaries, its decisions were merely advisory. The court interpreted General Statutes § 8-28 as not authorizing appeals from preliminary, non-binding decisions of planning commissions. Id.
Similarly, in East Side Civic Assn. v. Planning Zoning Commission,161 Conn. 558 (1971), the court held that no appeal existed from the approval of a site plan by the planning section of the planning and zoning commission. Since the decision was only preliminary in that it was merely advisory and not binding without further action by another municipal agency, it was not appealable. Id., 560-61. CT Page 14940
A comparable situation to the one at bar exists with respect to the provisions of General Statutes § 8-3a. Section 8-3a provides that, where a municipality has separate zoning and planning commissions, proposed zoning regulations or boundaries shall be referred to the planning commission for a report. A proposal disapproved by the planning commission may be adopted by the zoning commission by a two-thirds vote of the zoning commission. General Statutes § 8-3a(b). It has been noted that a decision of a planning commission pursuant to General Statutes § 8-3a can not be directly appealed to court because it is advisory only and not binding. Dana-Robin Corporation v. Common Council,166 Conn. 207, 224 (1974) (Bogdanski, J., dissenting).
The reason for the requirement that an agency decision be final before it can be appealed is a practical one: to avert injecting the court into administrative decision-making before it is ripe to do so. "The considerations underlying the requirement of finality of an agency decision as a prerequisite to judicial review are akin to those involved in the ripeness doctrine as applied to administrative rulings. Its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. AbbottLaboratories v. Gardner, 387 U.S. 136, 148-49, 87 S.Ct. 1507,18 L.Ed.2d 681
(1967)." (Quotation marks omitted.) State v. State Employees' ReviewBoard, 231 Conn. 391, 403 (1994).
Section 8-28 of the General Statutes was amended by the General Assembly in 1989 to require that an appeal of a decision of a planning commission be taken pursuant to the provisions of § 8-8. Public Acts 1989, No. 89-356. At that time, the Connecticut Supreme Court had already stated that non-binding, preliminary decisions of a planning commission were not appealable. See Sheridan v. Planning Board,159 Conn. 1 (1969) and East Side Civic Assn.v. Planning Zoning Commission, 161 Conn. 558
(1971). It is presumed that the legislature is mindful of the judicial construction relevant to any legislation it enacts. Murach v. Planning Zoning Commission, 196 Conn. 192, 207 n. 14 (1985). See also SawyerSavings Bank v. American Trading Co., 176 Conn. 185, 189 (1978). Section 8-28 and § 8-8 carry with them the common law gloss that only final decisions of a planning commission may be appealed to court.
The appellants point to Pleasant Valley Neighborhood Assn. v. SouthWindsor Planning Zoning Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 253306 (January 7, 1982) (Aspell, J.) (8 Conn. Law Trib. 22, May 31, 1982), as support for their CT Page 14941 position. The court in Pleasant Valley Neighborhood Assn. held that the decision by the planning commission to adopt a change in the comprehensive plan of development was appealable pursuant to § 8-28
even though it was merely advisory and not binding on the zoning commission. The court found that the statutory changes enacted in 1971 amending § 8-28 effectively overruled Sheridan v. Planning Board,159 Conn. 1 (1969) and authorized an appeal of any decision of a planning commission.
Public Acts 1971, No. 71-501 amended § 8-28 to provide that, in addition to official actions of planning commissions, all "decisions, not limited to those relating to the approval or denial of subdivision plans" must be published in a newspaper and a person aggrieved by an official action or decision, including a decision to take no action, may file an appeal. The clear import of the amendments was to overrule that aspect of the court's decision in Sheridan v. Planning Board that held that only actions on a subdivision plan and designation of and assessment for municipal improvements were appealable. See Sheridan v. Planning Board,
supra, 159 Conn. 9. It is not so clear that the legislature intended to reject in its entirety the broader principle recognized in Sheridan that non-binding preliminary decisions by a planning commission are generally not immediately appealable.[5] Given the importance of insuring that a court does not intrude in administrative agency matters until it is ripe to do so, greater evidence of legislative intent is necessary before jettisoning the requirement of finality in administrative decision-making.
The decision of the planning and zoning commission in this case was preliminary and non-binding. Final approval of the projects lay not with the planning zoning commission but with another municipal body. The commission merely recommended to the board of selectmen that they approve the proposed municipal improvements. The appropriate challenge lies with action of the board of selectmen finally approving the projects.[6] SeeTrivalent Realty Co. v. Westport, 2 Conn. App. 213 (1984) and Jeschor v.Guilford, 143 Conn. 152 (1956).
Accordingly, the appellee's motion to dismiss is hereby granted.
BY THE COURT
Judge Jon M. Alander